IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                            No. 99-10086-02, 03-JTM

ELLIOT C. TOLES AND
DE MARQUES M. MORRIS,
    Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the 28 U.S.C. § 2255 Motions to Vacate (Dkt. 236, 238) filed by defendant-petitioners Elliot Toles and De Marques Morris, which challenge the sentences they received following their convictions on multiple counts of armed robbery, coupled with various weapons charges. Convicted of three counts of robbery in violation of 18 U.S.C. § 1951, and two counts of use and one count of brandishing a firearm during a crime of violence, the court sentenced Toles on December 16, 1999 to a term of imprisonment of 481 months. (Dkt. 105). Convicted of two counts of robbery, during which he used, brandished, and (in one robbery) discharged a firearm, Morris on March 6, 2000 was sentenced to a controlling term of imprisonment of 490 months. (Dkt. 128).

Toles' convictions and sentences were upheld on direct appeal. *United States v. Toles*, 12 Fed.Appx. 667 (10th Cir. 2001). Toles filed a previous § 2255 challenge (Dkt.

223), which this court denied on June 24, 2014 (Dkt. 224). Toles filed no appeal from the decision.

The Tenth Circuit found that Morris's five § 924(c) weapons charges violated Double Jeopardy, and remanded for resentencing with on only such charge per Hobbs Act conviction. *United States v. Morris*, 247 F.3d 1080 (10th Cir. 2001). This court subsequently resentenced Morris to 490 months imprisonment. (Dkt. 182). This sentence was affirmed by the Tenth Circuit in 2002. *United States v. Morris*, 41 Fed.Appx. 259 (10th Cir. 2002). Morris filed a § 2255 motion in 2003, which this court denied (Dkt. 204), with the Tenth Circuit affirming the decision in *United States v. Morris*, 106 Fed.Appx. 656 (10th Cir. 2004).

The separate motions of Toles and Morris present the same argument: that their § 924(c) sentences were invalid because the underlying offense (Hobbs Act robbery) is not a "crime of violence" within the meaning of the statute. On December 31, 2019 and January 8, 2020, the Tenth Circuit authorized (Dkt. 249, 250) the defendants to present their claims, as successive § 2255 motions, in order to determine whether their convictions remain valid in light of *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019). This court then lifted the stay previously imposed in the action (Dkt. 251, 252) and directed the government to file a response, which it did. (Dkt. 253, 254).

The court hereby denies the motions to vacate. *Davis* recognized that 18 U.S.C. § 924(c)(3)(B) may be unconstitutionally vague where the underlying "crime of violence"

was a conspiracy to violate the Hobbs Act. Such a conspiracy, *Davis* reasoned, was potentially not a crime of violence for sentencing purposes. 139 S.Ct. at 2324.

Here, however, Toles and Morris were charged with, and convicted of, actual Hobbs Act robberies, not merely conspiracy to commit such robberies. Toles and Morris were convicted of robbing two grocery stores (a Dillons and a Food-4-Less) and a Burger King restaurant. (Dkt. 71, 101). The defendants were not charged with any conspiracy (*see* Instructions, Dkt. 70), and the jury was expressly required to find that the robberies actually occurred. Courts have held that Hobbs Act robbery (as opposed to mere conspiracy) is a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A). *See In re Cannon*, 931 F.3d 1236, 1242 (11th Cir. 2019); *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *Diaz v. United States*, 863 F.3d 781, 783-84 (8th Cir. 2017).

Further, in *United States v. Myers*, 786 Fed.Appx. 161, 162 (10th Cir. Nov. 27, 2019), the Tenth Circuit held that *Davis* would not cause it to reconsider its earlier ruling (in *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064 (10th Cir. 2018)), and "we would reach the same conclusion: Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)."

The court recently adopted this conclusion in a similar case, *United States v. Rushin*, No. 04-10207-02, Dkt. 141), and finds no reason to alter this conclusion here.

3

IT IS ACCORDINGLY ORDERED this day of March, 2020, that the defendants' Motions to Vacate (Dkt. 236, 238) are hereby denied.

s/ J. Thomas Marten
J. Thomas Marten, Judge