IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                    No. 99-10086-02-JTM

ELLIOT C. TOLES,
    Defendant.

MEMORANDUM AND ORDER

Defendant Elliot Toles has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides that the court may reduce a criminal sentence if there are extraordinary and compelling reasons which warrant such a reduction, and if the reduction would be consistent with applicable policy statements issued by the Sentencing Commission and with the sentencing factors set forth in 18 U.S.C. § 3553(a). Unlike many defendants who have recently sought relief under § 3582 in the face of the COVID-19 epidemic, Toles argues that release is appropriate because his 481 month sentence (which he received after three counts of Hobbs Act robbery and three counts of using and brandishing a gun during those robberies) is now unjust.

As Toles notes, this court has held that the First Step Act's elimination of the "stacking" rule for 18 U.S.C. § 924(c) may constitute an "extraordinary and compelling reason" for reducing a sentence under § 3582. *United States v. O'Bryan*, No. 96-10076-03-

JTM, 2020 WL 869475, at *2 (D. Kan. Feb. 21, 2020). While the elimination of the stacking rule was not expressly made retroactive, the court held that this meant that the court retained the power to determine — on a case-by-case basis — whether a reduction should occur.

In the present case, Toles was sentenced to a 121-month sentence for the three robbery counts. He then received a consecutive 5 year sentence for the first § 924(c) offense, and a consecutive 25 years for the second and third § 924(c) offenses. Toles argues his actual sentence (481 months) is so grossly disparate to the sentence that a person would received today for the same conduct (265 months) that a reduction is appropriate.[1]

In response, the government presents several arguments which the court considered and rejected, directly or indirectly, in *O'Bryan*. The court again concludes that it has the power to determine whether a radically changed sentencing scheme may be considered grounds for compassionate release. *See, e.g., United States v. Arey*, No. 5:05-cr-00029-MFU, 2020 WL 2464796, at *6 (W.D. Va. May 13, 2020).

With particular respect to Toles, the government argues (Dkt. 261, at 8-9) that no reduction should occur when the court considers the § 3553(a) sentencing factors. The

---

[1] Under the First Step Act, a defendant under similar circumstances would have received 5 years for the § 924(c) "use" offense, and 7 years for the second § 924(c) "brandishing" offense. The defendant contends that, under *United States v. Moore*, 958 F.2d 310, 313 (10th Cir. 1992), the third § 924(c) "use" offense would not apply, since it occurred during the same robbery as the "brandishing." The government's Response (Dkt. 261) opposes any reduction in the original 481 month sentence, but does not challenge the defendant's calculations as how his sentence would be calculated today.

government argues that the defendant has actively chosen a path of criminal violence, and notes that Toles is also serving a consecutive term of 692 months imprisonment for a similar series of robberies in Oklahoma. *See United States v. Toles*, 2019 WL 3069851, at *1 (N.D. Okla. July 12, 2019).

The court finds that a reduction is appropriate. Using and brandishing a gun during two armed robberies, Toles' offenses were undoubtedly serious. But even reduced, the remaining 22-year sentence is serious punishment. The reduced sentence is not a time-served sentence, and still leaves Toles with several additional years to serve on the Kansas charges.

The court takes note of the defendant's Oklahoma convictions, but the 692 month sentence in that case was similarly affected by § 924(c) stacking. Whether Toles may obtain similar compassionate relief as to the Oklahoma sentence is a question for that court. This court determines that Toles' sentence for his criminal conduct in Kansas is in gross disparity to other, similar defendants facing similar charges today. The 265 month sentence is serious punishment, and reflects an appropriate penalty under § 3553(a).

IT IS ACCORDINGLY ORDERED this day of August, 2020, that the defendant's Motion for Compassionate Release (Dkt. 260) is hereby granted such that his term of imprisonment is hereby reduced to 265 months.

s/J. Thomas Marten
J. Thomas Marten, Judge