IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                             Case No. 99-10086-2-JWB

ELLIOT C. TOLES,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Elliot Toles' motion to reissue order for time reduction and reduce sentence. (Doc. 279.) The motion has been fully briefed and is ripe for decision.[1] (Doc. 280.) The motion is DISMISSED for the reasons set forth herein.

**I.    Facts and Procedural History**

A jury convicted Defendant of three counts of Hobbs Act robbery and three additional counts of using and brandishing a firearm in furtherance of Hobbs Act robbery. *United States v. Toles*, 12 F. App'x 667, 668 (10th Cir. 2001). Defendant was originally sentenced to a term of 481 months. (Doc. 105.) Defendant was also sentenced to a consecutive term of 692 months' imprisonment in the Northern District of Oklahoma for the commission of Hobbs Act robberies committed in that district. *See United States v. Toles*, No. 99-cr-0097-002-CVE, 2019 WL 3069851 (N.D. Okla. July 12, 2019).

On August 6, 2020, this court granted a motion for compassionate release and reduced Defendant's sentence from 481 months to 265 months. (Doc. 266.) The Northern District of Oklahoma reduced Defendant's sentence to a term of 212 months but continued to run that

---

[1] Defendant has not filed a reply and the time for doing so has now passed.

sentence consecutively to the sentence in this court.  As a result, Defendant is currently serving a 477-month sentence for both convictions.  Defendant is currently set to be released from BOP custody on October 23, 2033.

**II.    Standard**

Defendant moves for a sentence reduction under § 3582(c)(1)(A).  Under that statute, a sentencing reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ."  *Id.*  Prior to 2018, that section only authorized the Director of the Bureau of Prisons ("BOP") to move for a reduction.  *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021).  The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Exhaustion is mandatory but it can be waived if not raised by the government.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

**III.   Analysis**

The government contends that Defendant's motion must be dismissed because he failed to exhaust his administrative remedies.  The motion fails to demonstrate that Defendant exhausted his administrative remedies and Defendant did not file a reply brief addressing this issue.[2]  Because the exhaustion requirement is a mandatory condition that has been properly invoked by the

---

[2] Although Defendant stated in his motion that he asked the warden to have the BOP implement the prior court orders reducing his sentence, he does not assert nor does he provide documentation showing that he requested that the BOP bring a motion for compassionate release on his behalf for the reasons he advanced in his motion. (Doc. 279 at 1–2.) To fully exhaust his administrative remedies, this is what he is required to do under the statute.  18 U.S.C. § 3582(c)(1)(A).

government, the court must dismiss Defendant's § 3582(c)(1)(A) motion without prejudice to filing a new one if and when he exhausts his administrative remedies.

With respect to Defendant's motion requesting that the court reissue its prior sentence reduction order, the court also lacks jurisdiction to issue the relief requested. Defendant's motion asks the court to reissue its order, direct the BOP to properly calculate his sentence under the prior reduction order, and apply good time credits and other credits. (Doc. 279 at 1–2.) To the extent Defendant is dissatisfied with the BOP's calculation of his good time credit after the sentence reduction, he must first exhaust his administrative remedies with the BOP before seeking judicial review. *United States v. Quinonez-Quintero*, No. CR 08-20106-06-KHV, 2024 WL 3950847, at *1 (D. Kan. Aug. 27, 2024) (citing *Buchanan v. U.S. Bureau of Prisons*, 133 F. App'x 465, 467 (10th Cir. 2005)). After exhausting his administrative remedies, a "challenge to the BOP calculation of good-time credit goes to the execution of a sentence and should be brought, if at all, against defendant's custodian under 28 U.S.C. § 2241." *Id.*

Therefore, the court is without jurisdiction to entertain a challenge to BOP's calculations.[3]

### IV. Conclusion

Defendant's motion to reissue order and reduce sentence (Doc. 279) is DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED. Dated this 17th day of October, 2025.

                                                                                s/ John W. Broomes
                                                                                JOHN W. BROOMES
                                                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The court notes that in arguing that the BOP has misapprehended the court's reduction order Defendant appears to misunderstand the interplay of his convictions in both districts. While Defendant may have served more than 265 months in prison, his Oklahoma sentence runs consecutive to the sentence in this case. Defendant's total sentence after the reduction is 477 months and he has not yet served both sentences.